IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY F. DILLARD, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>TYCO INTEGRATED SECURITY, LLC )<br>)<br>Defendant. ) | No. _____<br>Jury Demand |

## COMPLAINT

Plaintiff Gary F. Dillard ("plaintiff") files this Complaint for damages and other relief relating to and resulting from discrimination in connection with his employment with Tyco Integrated Security, LLC ("defendant") because of his age. Plaintiff asserts a claim for discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (the "ADEA") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. (the "THRA"). For his Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1. Plaintiff is a resident of Nashville, Davidson County, Tennessee.

2. Defendant is a Delaware limited liability company having its principal place of business in Boca Raton, Florida. Defendant in engaged in the business of providing security services to commercial and residential customers and employed plaintiff in Nashville, Davidson County, Tennessee. Defendant can be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

## STATEMENT OF JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the ADEA. The Court has and should exercise supplemental jurisdiction over plaintiff's state law claim.

4. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5. Plaintiff was employed by defendant or its predecessor from February 1, 1990 until his discharge on January 3, 2014.

6. At the time of his discharge, plaintiff worked as a core commercial resale representative.

7. Throughout his employment with defendant, plaintiff performed his assigned jobs duties in an acceptable and satisfactory manner.

8. Beginning in the middle of 2013, when plaintiff was sixty years old, defendant through its manager Darryl Davis (who is approximately forty-eight years old and made derogatory and discriminatory age-based comments in the workplace) began discriminating against plaintiff because of his age with respect to the terms, conditions and privileges of employment, including diverting sales leads away from plaintiff and to his younger co-workers and then disciplining and discharging him for not meeting his sales quota. Defendant's actions were in violation of the ADEA and the THRA.

9. Despite the fact that plaintiff was performing his job duties in a

satisfactory manner, defendant through its manager Darryl Davis offered plaintiff's job to two of his substantially younger co-workers. After they declined the offer, defendant through Mr. Davis began to divert sales leads away from plaintiff. It did not divert sales leads away from plaintiff's younger, similarly-situated co-workers.

10. In December, 2013, defendant placed plaintiff on a performance improvement plan for not meeting his sales quota. On January 2, 2014, Darryl Davis called plaintiff to a meeting and informed him that defendant was terminating his employment for failing to meet his sales quote.

11. Despite the fact that defendant was diverting sales leads away from plaintiff, plaintiff was on target to meet his monthly sales quota at the time he was discharged.

12. At the time defendant terminated plaintiff's employment, plaintiff was sixty-one years old.

13. Defendant's stated reason for the termination decision affecting plaintiff was not the real reason but was a pretext for age discrimination.

14. After Mr. Davis told plaintiff that defendant was terminating his employment, plaintiff telephoned defendant's human resources department and was told that he had not been terminated and should wait to hear from human resources.

15. A few days later, plaintiff telephoned human resources and was told to continue to wait.

16. Approximately two weeks later, defendant stopped paying plaintiff and terminated his employment benefits.

which told him

17. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not received a Notice from the EEOC, but sixty (60) days has elapsed since the filing of his charge of discrimination with the EEOC. A copy of plaintiff's charge of discrimination is attached to this Complaint.

### Claim For Age Discrimination In Violation of Federal and Tennessee Law

18. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 17 herein.

19. Defendant discriminated against plaintiff in the terms, conditions and privileges of his employment and discharged plaintiff from his employment because of his age in violation of the ADEA and the THRA.

20. As a direct result of defendant's actions, plaintiff has suffered damages.

21. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

22. As a result of its actions, defendant is liable for plaintiff's attorney's fees.

23. As a result of its actions, Western Express is obligated to reinstate plaintiff to his employment and to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. An award of compensatory and punitive damages against

defendant in an amount to be determined by the jury;

    2. An Order of reinstatement;

    3. An award of attorney's fees;

    4. A jury for the trial of this action; and

    5. Such other, further and general relief to which he may be entitled.

Respectfully submitted:

Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000
Attorneys for Plaintiff

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

TENNESSEE HUMAN RIGHTS COMMISSION _____ and EEOC
*State or local Agency, if any*

**RACE: White**

Name *(Indicate Mr., Ms., Mrs.)*: Gary F. Dillard

HOME TELEPHONE *(Include Area Code)*: (615) ███

STREET ADDRESS: ███

CITY, STATE AND ZIP CODE: Nashville, Tennessee ███

DATE OF BIRTH: 12/13/1952

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME: Tyco Integrated Security
NUMBER OF EMPLOYEES, MEMBERS: 50+
TELEPHONE *(Include Area Code)*: (800) 701-8449
STREET ADDRESS: 2005 Elm Hill Pike
CITY, STATE AND ZIP CODE: Nashville, Tennessee 37210
COUNTY: Davidson

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*:
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST: Mid 2013
LATEST: 01/31/2014
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I worked for Tyco Integrated Security or its predecessor from February 1, 1990. At the time of my termination, I worked as a core commercial resale representative. In or about September, I learned that my supervisor, Darryl Davis, had offered my position to two substantially younger co-workers. In December, 2013, I was warned by Mr. Davis for not meeting my sales quota. I learned that my sales leads were being diverted by Mr. Davis to my substantially younger co-workers. Mr. Davis made age discriminatory comments in the workplace. On January 2, 2014, I was called to a meeting where Mr. Davis told me that I was being terminated effective January 3 for failing to meet sales quota. Mr. Davis told me that I would receive a separation packet in the mail with things for me to sign. I never received any such packet. At the time I was discharged, I was on target to meet my sales quota for the month. I telephone human resources to complain about the way I was being treated, and I was told that I had not been terminated and I should wait to hear from human resources. A couple of days later, I heard from human resources, who again told me to wait to hear from them. Approximately two weeks later, the company stopped paying and terminated my employment benefits. I believe I have been discriminated in my employment and termination because of my age (61).

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

Notary – (When necessary for State and Local Requirements)

*[Notary signature: Ashl S. Rudy]*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
*Gary F. Dillard*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)*
January 31, 2014

I declare under penalty of perjury that the foregoing is true and correct.

*Gary F. Dillard*

Date: 1-31-14 — Charging Party (Signature)

*[Notary seal: ASHLEY S. RUDY, STATE OF TENNESSEE, NOTARY PUBLIC, DAVIDSON COUNTY, My Commission Expires September 8, 2014]*